UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Juan Carlos Centeno Alvarez

    v.                                Civil No. 1:25-cv-507-SE-TSM

Strafford County Department of Corrections,
Superintendent, et al.

O R D E R

      Juan Carlos Centeno Alvarez filed a petition for a writ of habeas corpus on December 8, 2025, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. The court thereafter ordered the respondents to show cause on or before January 7, 2026, as to why it should not issue an order granting the petition to the extent of ordering them to afford the petitioner with a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). See doc. no. 6.

      The respondents filed their response to the order to show cause on January 5, 2026, wherein they maintain that Destino and Guerrero Orellana were wrongly decided, reference the legal arguments made on behalf of respondents in certain prior cases, and object to the court granting relief to the petitioner. See doc. no. 7. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case. The response further concedes that the petitioner meets the criteria for membership in the Guerrero Orellana class. To the extent that the respondents' filing

asks this court to agree that certain issues have been preserved for appeal, the court declines to do so and leaves those decisions for the appellate court. The court recognizes that the respondents are free to raise those arguments in other future cases.

The respondents have failed to show cause why the court should not order them to afford a bond hearing. Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable. If the government fails to comply, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings. The respondents shall file a status report within seven days, on or before January 20, 2026.

SO ORDERED.

_/s/ SDElliott_
Samantha D. Elliott
United States District Judge

January 13, 2026

cc:     Counsel of record.